Good morning, Your Honors. John Ballas on behalf of Robert Smith. I'm intending to reserve two minutes for rebuttal. There are two challenges to the conviction here, one a 404B question and one a Hunthorne issue. But given the limited time we have and subject to any questions the court may have, I thought I'd start with and focus on the sentencing issue, and that is whether Smith's statutory maximum 240-month sentence is substantively unreasonable in light of the unusual nature of the child pornography guidelines as well as all the 3553A factors. The rule is that a sentence is substantively reasonable if it's sufficient, but not greater than necessary to satisfy all the purposes of sentencing. In this case, our contention is that the statutory maximum sentence was substantively unreasonable in light of all the 3553A factors, in particular, Smith's offense and his background. There was no production of child pornography here. There was no pornography for pecuniary gain. The defense attorney presented a number of mitigating circumstances, his employment history, some of his mental health issues he suffers with, the fact that he has a supportive family, was out on release for 26 months on home detention, and also that the important thing was the need to avoid unwarranted sentencing disparity with other individuals that are convicted of similar conduct. In the opening brief, I cited statistics that I believe come from the Jenkins opinion that in 2013, the mean child pornography sentence was 136 months and the median was 120 months. That includes both production of child pornography. I'm sorry to interrupt, but what specific enhancements do you think took the sentence into the substantively unreasonable category? Well, I think, like, for example, the vulnerable victim as well as the prepubescent minor are essentially overlapping to the extent that they're going to apply, one applies, the other one's going to apply in the vast majority of cases. In this case, the use of the computer as well as distribution with the peer-to-peer software applies in almost all child pornography cases. Well, as a policy matter, it may be that that use of the computer enhancement, since it's in every single one of these cases when we're dealing with computer images, it seems like you automatically get that enhancement, and maybe as a matter of policy that's wrong, but what do we do with that when it's written into the guidelines? Well, I think what you do with that is you take the position of the Second Circuit and also Judge Berzon and Henderson that due to the nature of the child pornography guideline that almost every case is going to be at or near the statutory maximum, you have to give the case special care and you have to look at all the factors, because what happens otherwise is essentially everyone's at the statutory maximum and the 3553A factors don't do the job they're supposed to. Well, maybe that should tell everyone they shouldn't be trafficking in child pornography. Isn't that what Congress is trying to do? I think, yes, Congress is obviously trying to set penalties very severe. And because there's no question, this is after the Supreme Court's decision, it's all real children, and here we have all prepubescent children. Yes. But if you look at the range of cases, this one was more on the run-of-the-mill cases. I don't know about that. Didn't he have images on two computers, a laptop and a desktop? He had on a laptop and an external hard drive. I don't think that's very necessarily unusual. And in a storage room. Was this the one with the outside of the storage locker or something with images? Or is this a different one? I don't believe it was a storage locker. They do blur together after a while. So we appreciate your help and everybody's help in keeping the cases straight for us. Yes. And I think, you know, I recognize that this Court in the Meyer decision found that a 210-month sentence was not substantively unreasonable. And I think that that would be distinguishable here for a number of different reasons. One is, in that case, it was 30 months less. It wasn't at the statutory maximum, but the judge actually did impose a sentence less. Second, that one, there was an agent presented a sentencing statement that he had been involved in over 200 cases of child pornography, and that case involved some of the youngest images he's ever seen and some of the most heinous and sexually violent images. And there's no evidence of that in this case. And I'm not saying, obviously, this case deserves a serious penalty and a severe penalty, and the nature of the offense was severe. But in the overall scheme of things ---- What is our standard of review here? I mean, the judge relied on the volume and content of Smith's child pornography, his perjury, and his continued failure to accept responsibility. And our standard of review is abuse of discretion? The standard of review is abuse of discretion. That's a pretty tough hurdle for you. And I think that the Court would uphold the sentence here, it would be in direct conflict with the Second Circuit and its decisions in Dorvey and Jenkins. In Dorvey, it found a pretty similar case, substantively unreasonable, where there was a 240-month sentence. And in Jenkins, which was just last year, found the sentence substantively unreasonable with a 225-month sentence. And then my ---- the other sentencing argument ---- The district court there had assumed, without support in the record, that the defendant was likely to actually sexually assault a child in its 355-53 analysis. That's not here. That's true. And that's another distinguishing factor. And there the defendant made statements that he ---- about his desire to sexually abuse children. And then with respect to Judge Katzmann's question about whether or not the district judge's statement was sufficient and within his discretion, the secondary argument here is that the explanation was not really, if the court doesn't find the sentence substantively unreasonable, it should, in the alternative, at least find that the district court didn't make enough explanation to be able to the court to make that kind of determination in light of the nature of the guidelines and the other factors. And if the court doesn't have any questions, I'm going to reserve my remaining two minutes. All right. Thank you, counsel. May it please the Court, my name is Megan Richards and I represent the United States in this case. The district court in this case made a care ---- spent a lot of time in sentencing and made a carefully looked at the defendant's situation and gave him a guideline sentence after looking, after carefully applying the procedural requirements of sentencing and looking at the defendant's characteristics, and especially the defendant's conduct at trial, the fact that he had never admitted responsibility for his actions, he had, he had perjured himself at trial. He also had a very large collection of child pornography. He had 506 videos and 301 still images that included very young children. And the court, and I, just to clarify, there was no storage locker in this case. However, there was a laptop computer. That was the charged conduct in the case. There was also an external hard drive that had hundreds of videos on it that the defendant also kept. And the court in sentencing the defendant recognized that his not admitting responsibility combined with this large collection, which the defendant had gathered not just in the time period of the indictment, but also for several years before. And you can see that if you look at the file creation dates, and that's an exhibit in the supplemental excerpts of record. The judge was well aware that he was required by the sentencing laws to start with an accurate guideline sentence, but then to look at the defendant's, the defendant's situation under 3553A factors, and that he had the discretion to vary downward. If you look at how the sentencing hearing progressed, you see that the court, the court rules on all of the defendant's objections. Notably, one of these objections was, had to do with the defendant's perjury at trial. The court noted that it was more than just a blanket denial. It was, quote, a creation of a defense. Essentially, that was rejected. That's at ER 23 through 24. The defense listed the different reasons why it thought that the defendant should receive a lesser sentence. Under 3553A, it asks for a sentence of 116 months. The court goes on to state that the guideline range would be 324 to 405 months, but says it's 240 months in this case. That was a difference from what occurred in the Corbett case. That was a statutory maximum. That's right. He couldn't be sentenced any more than that. That's right. And the court recognized that the new guideline range was 240 months. So it was different from the Dorvay case where the court seemed to think that he had to depart all the way from a greater, a range that was greater than the maximum in order to give the defendant a lesser sentence than 240 months. We've read your brief. And which of the cases, in your view, is your home-run case regarding the sufficiency of the judge's explanation for the sentence? As you heard, your brother has argued that the judge's explanation was not sufficiently detailed. I think the Meyer case is very, is it shows that the facts in this case are plenty for this defendant. I am sorry. I'm blanking on the name of the case. But there's case law that says that for a guideline sentence where the court makes clear that he's considered all of the factors, he doesn't, the court does not need to give a detailed breakdown of every single argument that the defense makes. However, in this case, I do think the judge went beyond what he was required to do procedurally for this sentence. You see that the judge, even after the defense has made his arguments, the court went on to state again the reasons why the defendant was asking for a lesser sentence, and then the court again asks the defense to argue the 3553A factors and the reasons. And then the court just goes on to reject those reasons when it pronounces its sentence. And the reason why the court rejected the reasons was the defendant's perjury at trial, the amount of child pornography, and the content of that child pornography. And those are valid reasons to sentence the defendant to a guideline sentence in this case. I also wanted to address briefly the Second Circuit cases. The appellant said that if this – if the court upholds this sentence, that it would be in direct conflict with the Second Circuit. That's not true. The Dorvay case and the Jenkins case are both distinguishable from the facts here. The Jenkins case was essentially – it was essentially a possession case where the defendant had his private collection of child pornography, but he happened to be on the border with Canada, which raised his maximum sentence to 240 years. The court there – the court there distinguished his situation from a situation where there's distribution, for example. And in this case, we did have distribution. The defendant was sharing these videos through peer-to-peer file sharing. In addition, the – and the Dorvay case is also different from this case in that the Dorvay case, there was a plea agreement. The defendant had cooperated with the government. But also, the court had made a number of procedural errors in the sentencing that just didn't – that didn't occur here. The judge here was careful, looked at all the requirements that he was supposed to look at and sentenced the defendant accordingly and did not abuse its discretion. And if the court doesn't have any questions about the sentencing issue or the – and if the court doesn't have any questions about the Rule 404B issue, I'll rest at this point. All right. Thank you, counsel. Thank you. Just a minute on the Second Circuit decisions. In the Dorvay case, it's pretty clear from that decision it wasn't the procedural errors that led to the holding that the sentence was substantively unreasonable. It was the length of the sentence compared to the 3553A factors. In the Jenkins – and while the client, the defendant, did not get obstruction in that case, there's really no indication that that decision would be any different if the client had testified falsely. In the Jenkins case, the defendant actually did testify falsely at trial. The judge found that he testified falsely.  He was disrespectful for a court. And the Second Circuit said those factors are not sufficient to warrant such a great sentence and a 225-month sentence that is substantively unreasonable. And we believe the same should hold here. Thank you. Thank you very much, counsel. U.S. v. Smith will be submitted. I'll take up Smith v. Rojas v. Sessions.
judges: Wardlaw, Clifton, Katzmann